UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 16-40497-659 |
| Patrick & Kathleen Croghan, ) | |
| Debtors ) | Chapter 13 |
| ) | |
| ) | Hearing Date: March 23, 2017 |
| ) | Hearing Time: 10:00a.m. |
| ) | Courtroom 7 North |

### FIRST AMENDED CHAPTER 13 PLAN

**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

A total of **$4,980.00** through **January 2017**, then **$550.00** per month for **48** months beginning with the payment due in **February 2017**.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Tax Refund. Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year. (2) Employee Bonuses. Debtor shall send fifty percent of any employee bonus or other distribution paid or payable to Debtor during the term of the plan. (3) Additional Lump Sums. Debtor shall send additional lump sums(s) consisting of _____, if any, to be paid to the Trustee.

**DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 5 and fees in paragraph 6, those funds shall be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:**

1 **Trustee and Court Fees.** Pay Trustee a percentage fee as allowed by law and pay filing fees if the Court enters an order providing for filing fees to be paid in the Chapter 13 plan.

2. **Executory Contract/Lease Arrearages**. Trustee to cure pre-petition arrearage on

(L.F. 13 Rev. 10/2014)

1

any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

CREDITOR NAME            TOTAL AMOUNT DUE            CURE PERIOD

3. Pay sub-paragraphs concurrently:

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT            BY DEBTOR/TRUSTEE

   (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT            EST MONTHS REMAINING

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph ___ below.
   CREDITOR NAME            MONTHLY PAYMENT

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

   | CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
   |---|---|---|
   | **Ditech** | **$1,947.77** | **Debtor** |
   | **Commerce** | **$455.73** | **Debtor** |

   (E) **DSO Claims in equal installments.** Pay any pre-petition domestic support obligation arrears (not provided for elsewhere in this plan) in full in equal monthly installments over the life of the plan, estimated as:
   CREDITOR NAME            TOTAL AMOUNT DUE            INTEREST RATE

4. **Attorney Fees**. Pay Debtor's attorney **$1,990.00** in equal monthly payments over **16** months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

   (A) **Pre-petition arrears on secured claims paid in paragraph 3**. Pay pre-petition arrearage on debts paid under paragraphs 3 (C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

   | CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
   |---|---|---|---|
   | **Ditech** | **$15,000.00** | **48 Months** | **0.00%** |
   | **Commerce** | **$0.00** | **48 Months** | **0.00%** |

(L.F. 13 Rev. 10/2014)

2

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with **4.75%** interest.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
|  |  | 60 Months |  |

(C) **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **4.75%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| MSD | $565.00 | $350,000.00 | 60 Months | $636.00 |

(D) **Co-debtor guaranteed debt paid in equal monthly installments.** The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period set forth below and with interest as identified below.

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
|  |  |  |  |  |

(E) Pay any post-petition fees and costs as identified in a notice filed per Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

6. Pay **$2,000.00** of debtor's attorney's fees and any additional attorney fees allowed by the Court.

7. Pay sub-paragraphs concurrently:

(A) **Unsecured Co-debtor guaranteed claims.** The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|
|  |  |  |  |

(B) **Assigned DSO Claims.** Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s).

| CREDITOR | TOTAL DUE | TOTAL AMOUNT PAID BY TRUSTEE |
|---|---|---|
|  |  | (100% or lesser dollar amount enumerated here) |

8. **Priority Claims.** Pay the following priority claims allowed under 11 U.S.C. section 507 in full, estimated as follows:

(L.F. 13 Rev. 10/2014)

| CREDITOR NAME | TOTAL AMOUNT DUE |
|---|---|
| **Collector of Revenue** | $313.29 |

9. Pay the following sub-paragraphs concurrently:

   (A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $263,656.05. Amount required to be paid to non-priority unsecured creditors as determined by 1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00 Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: $0.00 Debtor guarantees a minimum of $0.00 (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

   (B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:
   CREDITOR                COLLATERAL

   (C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:
   CREDITOR                              CONTRACT/LEASE

10. Other:
    (A) Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they are contractually due under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). This provision shall become null and void upon the conversion of this bankruptcy to another chapter or the dismissal of this case.

    (B) Upon confirmation of this plan and after the expiration of the claims bar date, the debtor may limit future notice of matters in this case to parties affected by the relief sought and parties who file claims or notice requests or entries of appearance with the clerk of court.

    (C) The Debtors shall refinance or sell their real property located at 1551 Bellevue Ave., St. Louis, MO 63117 and pay off the liens secured against this property as a condition of discharge. The secured claim of Commerce Bank is a second mortgage secured by this property. The loan is fully matured. The payments

(L.F. 13 Rev. 10/2014)

made by the Debtors in paragraph 3(D) of this plan are the pre-maturity, regular payments due under the note and shall constitute adequate protection payments to the creditor.

11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily. Within fourteen days of filing federal and state income tax returns, Debtor shall provide a copy of each return to the Chapter 13 Trustee..

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR. THE TRUSTEE, IN HIS SOLE DISCRETION, MAY DETERMINE TO RESERVE FUNDS FOR PAYMENT TO ANY CREDITOR SECURED BY A MORTGAGE ON REAL ESTATE PENDING FILING OF A CLAIM.

DATE: 02·07·17            DEBTOR: _____
                                         Patrick Croghan


DATE: 2-7-17              DEBTOR: _____
                                         Kathleen Croghan

(L.F. 13 Rev. 10/2014)

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Patrick and Kathleen Croghan, | ) | Case No. 16-40497-659 |
| | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I certify that the Debtors' First Amended Chapter 13 Plan was served electronically to John V. LaBarge, Chapter 13 Trustee, PO Box 430908, St. Louis, MO 63143 and mailed via first class, postage pre-paid mail to all creditors on attached matrix this 9th day of February 2017.

*/s/ Jennifer Haven*
Jennifer Haven, Paralegal
The Bankruptcy Company

Ameren Missouri
PO Box 88068
Chicago, IL 60680-1068

Bureau of the Fiscal Service
DMSC - Birmingham Office
PO Box 830794
Birmingham, AL 35283-0794

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

Chase
Attn: Correspondence Dept
Po Box 15298
Wilmington, DE 19850

Collector of Revenue
41 South Central
Saint Louis, MO 63105

Commerce Bank
1045 Executive Parkway D
Saint Louis, MO 63141

Commerce Bk
PO Box 806600
Kansas City, MO 64180-6600

Cordia Plumbing, Inc.
1420 S. Big Bend
Saint Louis, MO 63117

Ditech Financial Llc
Po Box 6172
Rapid City, SD 57709

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Laclede Gas Company
Drawer 2
Saint Louis, MO 63171

Mercy Clinic East Communities
PO Box 504655
Saint Louis, MO 63150-4655

Missouri Department of Revenue
Bankruptcy Unit
PO Box 475
301 W. High Street
Jefferson City, MO 65105-0475

MSD
P.O. Box 437
Saint Louis, MO 63166-0437

Rottler Pest & Lawn Solutions
2690 Masterson Avenue
Suite 400
Saint Louis, MO 63114

Us Dept of Ed/Great Lakes Educational Lo
2401 International
Madison, WI 53704